# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **JOYCE A. PETTIFORD,** Plaintiff, v. **DIVERSIFIED ENTERPRISES OF SOUTH GEORGIA, INC.,** Defendants. | Civil Action No. 7:18-CV-105 (HL) |

## ORDER

Plaintiff Joyce Pettiford, a former employee of Defendant Diversified Enterprises of South Georgia, Inc., filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), alleging that Defendant discriminated against her based on her race. Plaintiff further claims that Defendant discriminated against her based on her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (ADEA). Now before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 7). For the reasons set forth below, the Court **GRANTS** Defendant's motion.

### I. FACTS

Plaintiff, an African-American female, was employed by Defendant from 2012 until she was terminated on April 7, 2016. (Doc. 1, ¶ 4). Plaintiff was sixty (60) years old at the time of her termination. (Id. at ¶ 5). After Plaintiff was

terminated, Defendant replaced her with a Caucasian woman who was at least twenty years younger than Plaintiff. (Id. at ¶ 7). Plaintiff alleges that she was illegitimately terminated and that Defendant's actions were "designed to cause her emotional injury and damages." (Id. at ¶). Plaintiff maintains that Defendant's actions are violations of Title VII and the ADEA. (Id. at ¶ 9).

Plaintiff first reported the alleged discrimination by filling out an Equal Employment Opportunity Commission Intake Questionnaire that she submitted to the Georgia Commission on Equal Opportunity on May 26, 2016. (Doc. 9-2, p. 4). On the questionnaire form, Plaintiff checked the boxes for sex and age discrimination for her response to question four, which asked "[w]hat is the reason (basis) for your claim of employment discrimination?" (Doc. 9-2, p. 5). The Georgia Commission on Equal Opportunity then transmitted Plaintiff's claim to the EEOC on June 1, 2016. (Doc. 9-2, p. 8). Plaintiff filed a charge of discrimination that was received by the EEOC on October 5, 2016. (Doc. 7-2, p. 2). In the charge, Plaintiff alleges that Defendant discriminated against her based on her age and sex when Defendant terminated her for alleged sexual harassment after a co-worker discussed a homosexual encounter with Plaintiff (Id.). The EEOC issued a Notice of Suit Rights to Plaintiff on April 10, 2018. (Doc. 1, p. 7). Plaintiff filed this lawsuit on July 6, 2018. On August 15, 2018, Defendant filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) for failure to exhaust administrative remedies. (Doc. 7).

## II. LEGAL STANDARD

A motion for judgment on the pleadings is properly filed "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (internal citations omitted); Cunningham v. Dist. Att'y's Office for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010). In deciding a motion for judgment on the pleadings, the facts in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. Id. The court may consider documents attached to the pleadings. Horsely v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss. Strategic Income Fund, LLC v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) (explaining that the standard for either a Rule 12(b)(6) or Rule 12(c) motion is "whether the count state[s] a claim for relief"). The complaint must contain sufficient factual information to state a claim for relief that is "plausible on its face." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). When the plaintiff provides enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"

3

the complaint is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Labels and conclusions" and a "formulaic recitation of the elements of a cause of action" are insufficient to raise a right to belief above the "speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**III. DISCUSSION**

    A. Consideration of Documents Outside the Pleadings

Before addressing the merits of Defendant's motion, the Court must first determine whether consideration of documents outside the pleadings, namely Plaintiff's intake questionnaire and self-serving affidavit, requires conversion of the motion to dismiss into a motion for summary judgment. The Court finds that it does not.

Although matters outside the pleadings are not typically considered on a motion for judgment on the pleadings, the court may consider an extrinsic document if (1) it is central to the plaintiff's claim, and (2) its authenticity is not challenged. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). Courts routinely consider a plaintiff's EEOC charge and intake questionnaire to resolve the question of whether a plaintiff has exhausted administrative remedies without converting a motion to dismiss or motion for judgment on the pleadings to a motion for summary judgment. See Chesnut v. Ethan Allen Retail, Inc., 971 F. Supp. 2d 1223, 1228 (N.D. Ga. Sept. 20, 2013); Adaway v. Atwater, 2014 WL

1882333 (M.D. Ga. May 12, 2014); Nixon v. United Parcel Serv., Inc., 2013 WL 6815719 (M.D. Ga. Dec. 24, 2013).

Here, there seems to be no dispute between the parties that Plaintiff's charge of discrimination may be considered by the Court without converting the present motion to a motion for summary judgment. However, Defendant opposes the consideration of Plaintiff's intake questionnaire and self-serving affidavit attached to Plaintiff's brief in Opposition to Defendant's Motion for Judgment on the Pleadings. (Doc. 12, p. 4). Because the intake questionnaire is central to the Plaintiff's claim that she timely filed a charge of discrimination, and because neither party disputes the authenticity of the questionnaire or the date on which it was filed, the Court will consider the document in ruling on Defendant's Motion without converting it to a motion for summary judgment. Plaintiff's affidavit, however, is not central to the Plaintiff's claims. The Court will not consider Plaintiff's affidavit in ruling on Defendant's Motion for Judgment on the Pleadings. See Quach v. Paragon Sys., Inc., 2015 WL 13719674 (N.D. Ga. Oct. 28, 2015) (declining to consider plaintiff's self-serving affidavit attached to plaintiff's response in ruling on defendant's motion to dismiss).

B. Title VII Claims

Plaintiff alleges that Defendant discriminated against her based on her race[1] in violation of Title VII when she was terminated by Defendant on April 7, 2016. Defendant contends that Plaintiff failed to exhaust her administrative remedies regarding her allegations of race discrimination, and, therefore, moves to dismiss those claims. (Doc. 7-1, p. 3).

Title VII was enacted to prevent employment discrimination, achieve equal employment opportunity in the future, and to make victims of employment discrimination whole. Hodges v. Stone Savannah River Pulp & Paper Corp., 892 F. Supp. 1571, 1577 (S.D. Ga. 1995). It is unlawful for an employer to discriminate against its employee because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Before filing a private action under Title VII, a plaintiff must timely file a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(c) (establishing limitations periods under Title VII). If a plaintiff fails to file an EEOC charge before the end of the 180-day limitations period, the claim will be barred for failure to exhaust administrative remedies. Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003). "The purpose of the exhaustion requirement is to give the EEOC the

---

[1] Although Plaintiff's Intake Questionnaire and EEOC Charge allege discrimination based on sex, Plaintiff does not include a sex discrimination claim in her Complaint. (Doc. 1). Thus, the issue is not presently before the Court.

first opportunity to investigate the alleged discriminatory practices and attempt to obtain voluntary compliance and promote conciliation efforts. Id. In a non-deferral state such as Georgia, the charge must be filed 180 days after the alleged unlawful employment practice occurred. Reed v. Winn Dixie, Inc., 677 F. App'x 607, 610 (11th Cir. 2017); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1214 n.2 (11th Cir. 2001) (explaining the distinction between "deferral" and "non-deferral" states). The Supreme Court has held that waiver, estoppel, equitable tolling, and other such doctrines are applicable to the 180-day requirement. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). However, these doctrines are to be applied sparingly. See Chang v. Carnival Corp., 839 F.3d 993, 996 (11th Cir. 2016). If a defendant denies that a plaintiff has met the exhaustion requirements, the burden of proof is on the plaintiff to prove that she has. Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982).

Defendant argues that Plaintiff's Title VII claims should be dismissed for two reasons. First, Defendant argues that Plaintiff's charge was untimely as it was not filed within the 180-day period set forth in Title VII. Second, Defendant argues that neither Plaintiff's intake questionnaire nor her charge contain any reference to discrimination based on race, which precludes Plaintiff from raising a Title VII claim for the first time in her Complaint. (Doc. 7-1, p. 3). Defendant avers that "a plaintiff asserting a claim of employment discrimination under Title VII cannot bring any claim in a lawsuit that was not included in her EEOC charging

7

document." (Id. at p. 9) (citing Zellars v. Liberty Nat'l Life Ins., Co., 907 F. Supp. 355, 358 (M.D. Ala. 1995)). Because Plaintiff failed to check the box for race discrimination on her intake questionnaire or assert any factual allegations of discrimination based on race in either the questionnaire or charge, Defendant argues that Plaintiff failed to exhaust administrative remedies as to those claims.

Plaintiff maintains that her charge is timely. Plaintiff avers that her "sole obligation is to file the complaint with the appropriate agency within 180 days of the alleged discrimination," and she did so by filing her EEOC complaint on May 26, 2016. (Doc. 9, p. 3). However, May 26, 2016 is the date Plaintiff filed her Intake Questionnaire with the Georgia Commission for Equal Opportunity. (Doc. 9-2). Filing a charge with a state agency does not satisfy the timeliness requirements of Title VII. 42 U.S.C. § 2000e-5; Moses v. Crestline Hotels & Resorts, Inc., 2009 WL 10670686, *2 (N.D. Ga. Sept. 21, 2009). Further, filing a charge with an agency lacking subject matter jurisdiction over the charge does not toll the limitations period. Id. Instead, the charge is considered filed with the EEOC only when the EEOC receives it. 29 C.F.R. § 1601.13(a)(2).

Here, the Georgia Commission on Equal Opportunity transferred Plaintiff's Intake Questionnaire to the EEOC, which received it on June 1, 2016. Plaintiff's charge, however, was not received by the EEOC until October 5, 2016, 181 days after the alleged discrimination. For the reasons set forth above, Plaintiff's argument that her charge was filed on May 26, 2018 must fail as it was not filed

with the appropriate agency on that date. It is undisputed that Plaintiff's charge of discrimination was not filed with the EEOC, the appropriate agency, until October 5, 2016. The only means for Plaintiff's Title VII claim to be deemed timely is if the intake questionnaire, when submitted to the EEOC on June 1, 2016, satisfies the requirements for a charge of discrimination under 29 C.F.R. § 1601.3.

The common view in the Eleventh Circuit is that as a "general matter," intake questionnaires are "not intended to function as a charge." Pinjenburg v. West Ga. Health Sys., Inc., 255 F.3d 1304, 1305 (11th Cir. 2001). However, under certain exceptional circumstances, a verified EEOC questionnaire may constitute a charge if: (1) the document is in writing, signed, and verified; (2) the document contains the information required by the EEOC's regulations;[2] and (3) "the circumstances of [the] case convince a reasonable person that [the plaintiff] manifested her intent to activate the machinery of Title VII by lodging her intake questionnaire with the EEOC." See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1318-20 (11th Cir. 2001) (holding the plaintiff's intake questionnaire constituted a charge of discrimination, but noting "we will not treat intake questionnaires willy-nilly as charges"). To be verified, the charge shall "be sworn or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported

---

[2] The regulations require the charge to be a written statement that is sufficiently precise to identify the parties and describes the actions or practices complained of. 29 C.F.R. § 1601.12(b).

9

by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a).

Plaintiff does not directly address the issue of whether her intake questionnaire was verified. Rather, Plaintiff relies on the fact that the EEOC, in its Notice of Right to Sue Letter sent to Plaintiff, "did not check the box regarding an untimely filed complaint." (Doc. 9, p. 2). Plaintiff also relies on the Eleventh Circuit's decision in <u>Batson v. Salvation Army</u> to bolster her assertion that the racial discrimination claims are "like or related to" the allegations in her intake questionnaire. 897 F.3d 1320 (11th Cir. 2018). Plaintiff's intake questionnaire, she argues, satisfied the legislative intent of Title VII "because it undeniably led to the opening of a charge by the EEOC and the initiation of an investigation by that agency." (Doc. 15, p. 4). As is explained below, Plaintiff's arguments do not convince the Court that her case is an exceptional one in which an unverified intake questionnaire overcomes a subsequent but untimely charge of discrimination.

First, Plaintiff's intake questionnaire is not verified. Although a plaintiff may amend the charge to cure a technical defect, including the failure to verify the charge, amendment is not permissible here. 29 C.F.R. § 1601.9. Because amendment of a charge is meant to remedy a technical deficiency, an intake questionnaire that does not itself constitute a charge cannot be verified by amendment. <u>See</u> <u>Pinjenburg</u>, 255 F.3d at 1308 ("Because plaintiff's intake

questionnaire does not constitute a 'charge,' § 1601.12(b), even if valid, does not apply to allow the relation back of plaintiff's charge to the date the EEOC received her intake questionnaire."); Johnson v. Irwin Cty. Detention Ctr., 2013 WL 3227780, *4-5 (M.D. Ga. June 25, 2013) (finding that untimely but verified charge could not amend intake questionnaire to cure verification defect). Thus, Plaintiff's lack of verification alone is fatal to her Title VII claims. See Pinjenbrug, 255 F.3d at 1307 (affirming dismissal of Title VII claims where plaintiff failed to file a timely charge and intake questionnaire was not verified); Johnson, 2013 WL 3227780, at *5 (unverified questionnaire could not serve as charge because it could not satisfy the statutory or regulatory requirements under Title VII); Chesnut, 971 F. Supp. 2d at 1229 (lack of verification fatal unless it can be cured by amendment).

Even if the intake questionnaire was verified, Plaintiff's Title VII claims would still be dismissed for failure to exhaust administrative remedies because her intake questionnaire does not contain any allegations of racial discrimination whatsoever. Plaintiff checked only the boxes for sex and age discrimination as her answer to question four of the questionnaire. (Doc. 9-2, p. 5). Her response to question five, which asks "[w]hat happened to you that you believe was discriminatory?", was "I was told that I had sexual[ly] harass[ed] another staff member." (Id.). There are simply no allegations that can be reasonably construed as generally describing race-based discrimination in Plaintiff's intake

questionnaire, meaning the EEOC was not on notice of and had no cause to open an investigation into racial discrimination.

Plaintiff's reliance on Batson to argue that Plaintiff's Title VII racial discrimination claim is "like or related to" her claims of sex and age discrimination is misplaced. In Batson, the plaintiff filed suit against her former employer alleging claims under the ADA and FMLA. 897 F.3d at 1325. The Eleventh Circuit reversed the district court's dismissal of the plaintiff's ADA retaliation claim and held that although the plaintiff did not mark the box for retaliation on her charge form, she had alleged sufficient facts in the charge such that her ADA retaliation claim was "like or related to" her ADA discrimination claim. Id. at 1328. The Court quoted Eleventh Circuit precedent explaining that "judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint," but "allegations of new acts of discrimination are inappropriate." Id. at 1327 (quoting Gregory v. Ga. Dept. of Human Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004)). While it is true, as Plaintiff points out, that Courts are "extremely reluctant" to allow procedural technicalities to bar employment discrimination claims, the Court simply cannot construe the factual allegations made in either the intake questionnaire or her untimely charge of discrimination as sufficiently related to her Title VII claim of racial discrimination in her complaint

filed with this Court.[3] See Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970).[4] Thus, the Court finds that Plaintiff's Title VII claims of racial discrimination are allegations of new acts of discrimination that must be dismissed not only as untimely, but because Plaintiff failed to exhaust her administrative remedies on that claim as the information in Plaintiff's intake questionnaire could not have "reasonably" led the EEOC to open an investigation into racial discrimination. For the foregoing reasons, Plaintiff's Title VII claim of racial discrimination must be **DISMISSED**.

C. ADEA Claims

Plaintiff asserts claims against Defendants for discrimination based on her age in violation of the ADEA. Defendant moves the Court to dismiss Plaintiff's ADEA claims because her charge of discrimination was not timely filed, and, further, Plaintiff's intake questionnaire cannot be construed as a charge. After careful consideration, the Court agrees with Defendant.

---

[3] Plaintiff attempts to explain in her reply brief that her allegations of race discrimination appear for the first time in her Complaint because she did not learn that she was replaced by a Caucasian woman 20 years her junior until after she had filed her intake questionnaire with the Georgia Commission on Equal Opportunity. (Doc. 9, p. 3). However, if that were the case, Plaintiff could have amended her charge to include the claim. But Plaintiff did not do so. Thus, her claim of race discrimination is an inappropriate allegation of discrimination outside the scope of the EEOC's investigation. Gay v. AirTran Airways, Inc., 427 F. App'x 743, 745 (11th Cir. 2011) (per curiam) (citation omitted).

[4] Decisions of the Fifth Circuit rendered before October 1, 1981 are binding upon panels of the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

"The ADEA, as amended, makes it unlawful for an employer to 'discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's age.'" Smith v. Potter, 310 F. App'x 307, 390-10 (11th Cir. 2009) (quoting 29 U.S.C. § 623(a)(1)). Like Title VII, "[t]he ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit." Id. (quoting Bost, 372 F.3d at 1238). In Georgia, a charge of discrimination must be filed with the EEOC within 180 days of the alleged unlawful employment practice. See Hubbard v. Ga. Farm Bureau Mut. Ins. Co., 2013 WL 1333804, at *7 (M.D. Ga. Mar. 29, 2013). Depending on its contents, an intake questionnaire may constitute a charge of unlawful discrimination. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 395-403 (2008); Wilkerson, 270 F.3d at 1321. Under the ADEA, a charge must: (1) be in writing; (2) name the prospective respondent; and (3) generally allege the discriminatory act. 29 C.F.R. § 1626.6. Although these are the only required elements of a charge under the ADEA, the charge "should" also contain other information, including the full name, address, and telephone number of the charging party, full name and address of the employer, a clear and concise statement of the alleged unlawful discrimination including pertinent dates, and the approximate number of employees. Bost, 372 F.3d at 1288. Another important question is whether the intake questionnaire evidences an intent on behalf of the individual to activate the

administrative process. Holowecki, 552 U.S. at 402. Unlike Title VII, there is no requirement that the charge be verified.

Plaintiff filed her charge of discrimination 181 days after her termination. Thus, like her Title VII claim, her charge of discrimination was untimely and her claims may only proceed if her intake questionnaire constitutes a valid charge under the ADEA. Plaintiff's intake questionnaire does include some of the requirements for a valid charge: it is in writing; names Diversified Enterprises as the prospective respondent along with its contact information and the number of employees; includes the Plaintiff's name, address, and telephone number; and pertinent dates of alleged discrimination. (Doc. 9-2, pp. 4-5). Plaintiff also checked Box 2 on page four of the questionnaire, indicating to the EEOC that she intended to initiate the administrative process by submitting the intake questionnaire to the EEOC. (Doc. 9-2, p. 7). Nevertheless, Plaintiff's intake questionnaire does not contain any facts to plausibly support a claim that Defendant discriminated against her in any way on the basis of her age. Plaintiff's response on her intake questionnaire for the basis of her claim of employment discrimination is "I was working with young adul[t] people," and the description of alleged discrimination is solely "I was told that I had sexual[lly] harass[ed] another staff member." (Doc. 9-2, p. 5). Plaintiff provided no other details or explanation that could have "trigger[ed] the investigatory and conciliatory procedures of the EEOC." Sanchez, 431 F.2d at 466 (holding that

15

"the crucial element of a charge of discrimination is the factual statement contained therein. Everything else entered on the form is, in essence, a mere amplification of the factual allegations."). Although "the scope of an EEOC complaint should not be strictly interpreted," the Court finds that Plaintiff's intake questionnaire does not contain any factual particulars describing age discrimination. Gregory, 355 F.3d at 1280. Thus, the intake questionnaire cannot be reasonably construed as a charge of discrimination.

Even if the Court did find that the Plaintiff's questionnaire could be construed as a charge, thus curing the timeliness issue, Plaintiff's judicial complaint fails to state such a claim. Although a complaint in an employment discrimination case need not contain specific facts establishing a prima facie case, it nonetheless must provide enough factual matter to plausibly suggest intentional discrimination. See Buchanan v. Delta Air Lines, Inc., 727 F. App'x 639, 641 (11th Cir. 2018) (per curiam) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) and Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015)). The central issue is Plaintiff's termination, but she has not provided any factual basis in either her judicial complaint or EEOC documents tending to show that her age was the "but-for" reason for her termination. See Gross v. FBL Fin. Servs. Inc., 557 U.S. 167, 177 (2009). Plaintiff's conclusory allegations and bare recitals of the elements of a claim are not enough to "nudge[] [her] claims across the line from conceivable to plausible." Twombly,

550 U.S. at 570; see Farrow v. King & Prince Seafood Corp., 2018 WL 6206122 (S.D. Ga. Nov. 28, 2018) (dismissing ADEA claims because Plaintiff did not check the box for discrimination based on age and failed to allege facts which would alert EEOC to investigate such claims); Kinlocke v. Shulkin, 2019 U.S. App. LEXIS 970 (11th Cir. Jan. 10, 2019) (affirming district court's dismissal of plaintiff's ADEA claim where no factual allegations were made suggesting adverse employment action was due to age); Oates v. Enrichment Servs. Program, Inc., 2018 U.S. Dist. LEXIS 185381 (M.D. Ga. Oct. 30, 2018) (dismissing plaintiff's Title VII claim of sex discrimination where plaintiff provided no factual allegations suggesting his termination was motivated by plaintiff's sex). Therefore, even if Plaintiff's charge had been timely filed, the Court must still dismiss Plaintiff's ADEA claims of age discrimination for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (Doc. 7) is **GRANTED**.

**SO ORDERED** this 15th day of February, 2019.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ehm